# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5625 | **DATE** | 12/27/2012 |
| **CASE TITLE** | Darnell Cooper (#N-71947) vs. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $2.68 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall issue summonses to Defendants Hardy, Correctional Officer Holman, Sergeant Williams, and Nurses Morgan, Wendy, Angelia, and Kent, and the U.S. Marshal is directed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for objection [#5] is granted to the extent the motion seeks information as to why copies of Plaintiff's proposed complaint were returned to him. The motion is denied in all other respects. To track the case, a status hearing is set for 02/11/13 at 9:30 a.m.

■ [For further details see text below.]         Docketing to mail notices.

---

## STATEMENT

Plaintiff, a state prisoner in custody at Stateville Correctional Center, has filed this case pursuant to 42 U.S.C. § 1983, alleging that Defendants have violated his rights by subjecting him to deliberate indifference to a serious medical condition. More specifically, Plaintiff alleges that on June 16, 2011 and June 30, 2011, he took showers in F House at Stateville Correctional Center. He further alleges that the water was so hot that on both occasions, he sustained burns on his head, shoulders, and back. Plaintiff alleges that in spite of his repeated complaints to administrators and medical personnel, he was unable to obtain adequate care for his burns and the resulting pain.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.68. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Hardy, Holman, Williams, as well as Nurses Morgan, Wendy, Angelia, and Kent. *See Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). **(CONTINUED)**

| | AWL |
|---|---|

Plaintiff has also named three John Doe Stateville employees as Defendants. The Court notes that although Plaintiff has alleged that he received *some* care for his burns, but that the care was inadequate, he has adequately pled a claim against Warden Hardy for deliberate indifference as he alleges he repeatedly contacted him regarding his medical problems and was ignored. *See Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999).

The Court notes that Plaintiff has named numerous John Doe Defendants. Once Plaintiff has obtained service on the named Defendants, and an attorney has entered an appearance on their behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendant or Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the Defendants in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980). The Court notes that Plaintiff filed a motion seeking to know why copies of his proposed complaint were returned to him, and the motion is granted. The copies were returned because Plaintiff supplied copies of the proposed complaint for the John Doe Defendants, who have not been identified.

The Clerk shall issue summons forthwith to Defendants Hardy, Holman. Williams, Morgan, Wendy, Angelia, and Kent (hereinafter, "Defendants"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with his/her last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.